UNITED STATES (TAPPAN v.). See Case No. 13,749.

## Case No. 16,432.
### UNITED STATES v. TARDY.
[1 Pet. C. C. 458.] 1
Circuit Court, D. Pennsylvania. Oct. Term, 1817.

CRIMINAL LAW—EVIDENCE.

How far the acknowledgment of a prisoner as to a crime meditated to be committed. may be given in evidence to connect it with the offence for which he is on his trial.

1 [Reported by Richard Peters, Jr., Esq.]

This was an indictment for murder on the high seas, by means of poison.

The only point of law decided was upon the admission of evidence. The district attorney called a witness, and stated that he proposed to prove the following facts: That the prisoner, after his arrival in Philadelphia, and after the alleged murder had been committed, told the witness in a private conversation that he had projected a plan to take his passage on board of a vessel from Philadelphia to Baltimore, with his servant and other persons engaged in the plan, and advised the witness to take his passage also; and that when at sea, he would mingle arsenic in the food of the officers and crew of the vessel, which would make them vomit and be very ill, and that of course they would apply to him as a doctor for medical assistance, when he would administer more poison and so destroy them, when they would go off with the vessel;—adding, that he had had experience of it. The district attorney stated, that he should offer this evidence as an acknowledgment that the defendant had before administered poison under similar circumstances, and had been so applied to for medical advice; and as it did not appear that any case similar to that proposed had happened, except the one for which the prisoner was now on trial, he should contend to the jury that this amounted to an acknowledgment of the crime charged in the indictment.

THE COURT decided that the evidence was proper in this point of view. That whether it amounted to an acknowledgment or not, was proper for the decision of the jury; and that as the expression, "that he had had experience of it," could not be made intelligible without connecting them with the plan, which would otherwise be improper to be given in evidence, the whole must of necessity be stated by the witness, but that it was to be regarded by the jury only in reference to the question, whether it amounted to an acknowledgment, or not, and ought not in any other way to prejudice the prisoner.

The jury found the prisoner not guilty.